IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VICTOR PIECHOCKI *

    Petitioner *

        v *    Civil Action No. DKC-18-3566

BALTIMORE CO. THIRD JUDICIAL *
CIRCUIT OF MARYLAND,
BALTIMORE CO. STATE'S ATTORNEY *
OFFICE,
                             *

    Respondents
***

## MEMORANDUM OPINION

On November 16, 2018, Petitioner Victor Piechocki, a pre-trial detainee in the Baltimore County Detention Center, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 which commenced the above-captioned action. By his petition, Piechocki seeks "immediate release from false and or wrongful imprisonment" in connection with two proceedings in the Baltimore County Circuit Court. *See State v. Piechocki*, Case No. 03K18001076 (Balt. Co. Cir. Ct. 2018) (November 30, 2018 order of commitment for in-custody evaluation for drug/alcohol treatment pursuant to Health Gen. § 8-505[1]) and *In Re Piechocki*, Case No. 03C18004996 (Balt. Co. Cir. Ct. 2018) (Domestic violence appeal from District Court concluded on June 5, 2018).[2] Because Piechocki does not state a claim for habeas relief, the petition will be dismissed without prejudice.

---

    [1] Pursuant to Md. Health Gen., Code Ann. § 8-505, a Maryland court may order the Department of Health to evaluate a criminal defendant who, by reason of drug or alcohol abuse, is in need of and may benefit from treatment if it appears to the court that the defendant has an alcohol or drug abuse problem or the defendant alleges an alcohol or drug dependency.

    [2] *See* http://casesearch.courts.state.md.us/inquiry.

Pretrial federal habeas relief is available under § 2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *See Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).

Piechocki claims he was not read his *Miranda* rights when he was detained on February 22, 2018, and he was not allowed to provide a statement. ECF No. 1 at p. 4. He was not granted bail and states that on February 26, 2018, he waived bail review "due to temporary instability." *Id*. at pp. 4-5. He was then indicted on March 12, 2018 for first and second degree assault and carrying a weapon openly with the threat to injure. *Id*. He indicates that he has filed numerous motions and correspondence with the Circuit Court for Baltimore County to no avail; however, he is in fact represented by counsel in his criminal case. *Id*. at pp. 6-7, *see also* http://casesearch.courts.state.md.us/inquiry. Currently Piechocki is awaiting trial on the assault and weapon charge against him.

Special circumstances justifying this court's intervention do not exist where there are procedures in place to protect petitioner's constitutional rights. *See Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F.2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971). Petitioner's claims that

he is illegally confined may be litigated in a state forum without harm to Petitioner's constitutional rights. Accordingly, his habeas petition seeking immediate release will be dismissed without prejudice by separate Order which follows.

December 3, 2018                           /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge